son, who, at the time of the sale by her, lived on the premises, vacated them in August, 1901. On September 12, 1901, the defendant came into the saloon with an execution issued against the property of Janet Samson, and took from the drawer of the cash register the sum of $58.87, the amount due under the execution and costs of levy. The defense relied upon was that the money in question had been placed in the drawer by Janet Samson, or under her direction, and that it was her money and not that of the plaintiffs. The defendant had a judgment in the court below. The appellants strenuously urge that the decision is not only against the weight of evidence, but that there is no evidence to warrant the finding of the court in favor of the defendant. This question need not be determined at this time, as a reversal of the judgment must be ordered for the following errors: Upon the trial one of the plaintiffs was sworn in his own behalf, and the following questions were asked him by his counsel:

"Q. Did any of that money (referring to the money taken from the drawer by the defendant) belong to Janet Samson? Q. Whose money was that? Q. Where did the money come from that was in the cash register? Q. Where did the money come from that the marshal took? Q. Did Janet Samson give any money to Isaac Samson? (the defendant having claimed that the money was given by Janet Samson to Isaac Samson to put in the register for the marshal to take)."

To each of these questions the defendant's counsel objected, and to one question only did he state any ground for his objections. Each objection was sustained by the court, and an exception duly taken to such ruling. The questions were material and pertinent to the issue raised by the defendant, and the exclusion thereof was error prejudicial to the plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellants, to abide event.

---

(38 Misc. Rep. 759.)

### FLAHERTY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term. May, 1902.)

1. LIFE POLICY—ACTION BY ASSIGNEE—EVIDENCE—SUFFICIENCY.

Action on a life policy by an assignee is not sustained where the complaint alleges that assignor was the husband of insured, which allegation is put in issue by the answer, and no proof is offered to show such fact, or that assignor was entitled to the proceeds of the policy.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Mary Flaherty against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Ritch, Woodford, Bovee & Wallace, for appellant.
Joseph I. Green, for respondent.

PER CURIAM. This is an action on a policy of insurance issued on the life of one Margrath Wilkinson. Judgment was rendered in favor of plaintiff. Defendant appeals. The plaintiff introduced an

assignment of the policy to herself from one John Wilkinson.   She also proved the death of said Margrath Wilkinson.   She stated that said John Wilkinson was her uncle, but it does not appear from the testimony what was the relation of John to Margrath.   The complaint, however, states that he was the husband, which allegation is put in issue by the answer.   There is no proof that said John Wilkinson was entitled to the proceeds of the policy of insurance, and plaintiff, the assignee of the policy, could only take the rights of her assignor, the said John Wilkinson.   Culmer v. Grocery Co., 21 App. Div. 561, 48 N. Y. Supp. 431;  Insurance Co. v. Healey, 86 Hun,. 531, 33 N. Y. Supp. 911;  19 Am. & Eng. Enc. Law (2d Ed.) 96. The answer puts this claim of John Wilkinson in issue, and plaintiff should have given affirmative proof in support of it.   There are other omissions in the evidence, which it is not now necessary to consider in view of the fact that the judgment cannot stand for the reason above stated.

Judgment reversed, and new trial ordered, with costs to abide event.